Filed
9/27/2016 11:21:41 AM
Esther Degollado
District Clerk
Webb District
Linda Torres
2016CVT002517D1

CAUSE NO. _____

| | | |
|---|---|---|
| ANTONIO DIAZ | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | WEBB COUNTY, TEXAS |
| | § | |
| LANDSTAR INWAY, INC. and | § | _____ JUDICIAL DISTRICT |
| OCTAVIAN DOBOS | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff ANTONIO DIAZ, complaining of LANDSTAR INWAY, INC.,

(herein referred to as LANDSTAR), and OCTAVIAN DOBOS, Defendants, and files this

Original Petition and for cause of action would respectfully show the following:

### I.
### DISCOVERY LEVEL

1.1    Plaintiff intends to conduct discovery in this matter under Level 3 of Rule 190 of the

TEXAS RULES OF CIVIL PROCEDURE.

### II.
### CLAIM FOR RELIEF

2.1    Plaintiff seeks monetary relief over $1,000,000.

### III.
### PARTIES

3.1    Plaintiff, ANTONIO DIAZ is a resident of Laredo, Texas.

3.2    Defendant LANDSTAR INWAY, INC. is a Florida Corporation and may be served with

citation through its registered agent for service of process, C T Corporation, 1999 Bryan St.,

Suite 900, Dallas, Texas 75201-3136.

A True copy of the original. I certify,
the ____ day of _____ , 20 ___
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law, Webb County, Texas
By _____ Deputy

3.3     Defendant OCTAVIAN DOBOS is an individual and may be served with citation at 17412 W. Jackson St., Goodyear, Arizona 85338.

## IV.
### VENUE

4.1     Venue is proper and maintainable in Webb County, Texas, under the Texas Civil Practice and Remedies Code as the accident occurred in Webb County, Texas.

## V.
### BACKGROUND FACTS

5.1     On or about January 20, 2015, Defendant OCTAVIAN DOBOS was operating a commercial vehicle owned by Defendant LANDSTAR INWAY, INC. while Plaintiff, ANTONIO DIAZ, was operating another freightliner truck. Both Plaintiff ANTONIO DIAZ and Defendant OCTAVIAN DOBOS were traveling northbound on the outside lane of Interstate 35. Due to heavy commercial motor vehicle traffic and the Border Patrol Inspection Point, Plaintiff ANTONIO DIAZ was at a standstill.  Defendant OCTAVIAN DOBOS, unable to control his speed, struck Plaintiff's trailer causing Plaintiff's trailer to go off the road and onto its right side. Plaintiff ANTONIO DIAZ could only brace for impact as he saw Defendant OCTAVIAN DOBOS' vehicle quickly approaching.  At the time of the collision, Defendant OCTAVIAN DOBOS was in the course and scope of his employment with or was the borrowed servant of Defendant LANDSTAR INWAY, INC.

5.2     Nothing Plaintiff did, or failed to do, caused the occurrence in question.  Rather, it was the negligence of the Defendants named herein which proximately caused the occurrence and Plaintiff's resulting damages.

# VI.
## CAUSE OF ACTION: NEGLIGENCE
### (ALL DEFENDANTS)

6.1    Defendant OCTAVIAN DOBOS was negligent in one or more of the following particulars, each of which acts and/or omissions, individually or collectively, constitutes negligence which proximately caused the collision and the resulting injuries and damages to Plaintiffs:

      a.     Failing to maintain a proper lookout;

      b.     Failing to make proper application of the brakes of his vehicle;

      c.     Failing to make timely application of the brakes of his vehicle;

      d.     Failing to bring his vehicle to a stop before it collided with another vehicle;

      e.     Failing to turn the vehicle to avoid a collision;

      f.     Operating a vehicle at a rate of speed in excess of that which it would have been operated by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances;

      g.     Being inattentive and failing to maintain proper control of his vehicle;

      h.     Operating his vehicle in a reckless manner.

6.2    The negligence of OCTAVIAN DOBOS was a proximate cause of the collision and Plaintiff's damages.

6.3    Defendant, LANDSTAR INWAY, INC., is legally responsible to Plaintiff for the negligent conduct of Defendant OCTAVIAN DOBOS under the legal doctrines of *respondeat superior*, agency and/or ostensible agency because Defendant OCTAVIAN DOBOS was at all times material hereto an agent, ostensible agent, servant and/or employee of LANDSTAR INWAY, INC., and was acting within the course and scope of such agency or employment.  As a

result thereof, Defendant LANDSTAR INWAY, INC., is liable for all negligence of Defendant OCTAVIAN DOBOS.

6.4     Defendant LANDSTAR INWAY, INC., was also negligent in hiring an incompetent or unfit employee and/or in failing to properly train, instruct and supervise Defendant OCTAVIAN DOBOS.   Defendant LANDSTAR INWAY, INC., failed to provide the proper training and instruction to Defendant OCTAVIAN DOBOS which would have provided him with the proper skills and knowledge to avoid the collision which forms the basis of this lawsuit.   Defendant LANDSTAR INWAY, INC.'s negligent hiring of and failure to properly instruct and train its driver was a proximate cause of the accident and Plaintiff's resulting injuries and damages.

6.5 Pursuant to the Code of Federal Regulations, Title 49, Defendant LANDSTAR INWAY, INC. is legally responsible for the negligent actions of Defendant OCTAVIAN DOBOS.

### VII.
### CAUSE OF ACTION: NEGLIGENCE PER SE
### (ALL DEFENDANTS)

7.1     Plaintiff IS within the class of persons meant to be protected by these statutes, specifically, travelers on the roadway.   Defendants' violation of these statutes were the proximate cause of the collision and Plaintiff's damages.

7.2     Defendants, LANDSTAR INWAY, INC. and OCTAVIAN DOBOS, are legally responsible to Plaintiff for the negligent per se conduct of Defendant OCTAVIAN DOBOS under the legal doctrines of *respondeat superior*, agency and/or ostensible agency because Defendant OCTAVIAN DOBOS was at all times material hereto an agent, ostensible agent, servant and/or employee of LANDSTAR INWAY, INC., and was acting within the course and scope of such agency or employment.   As a result thereof, Defendant LANDSTAR INWAY, INC. is liable for all negligence per se conduct of Defendant OCTAVIAN DOBOS.

-4-

## VIII.
### CAUSE OF ACTION: GROSS NEGLIGENCE
### (OCTAVIAN DOBOS)

8.1     Defendant OCTAVIAN DOBOS was grossly negligent and acted with malice, as that term is understood under Texas law, and such conduct was a proximate cause of Plaintiff's injuries and damages.  Defendant's malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment to Defendant for his callous disregard and as a deterrent to others from engaging in similar conduct.  Plaintiff therefore asks for punitive and exemplary damages in addition to all actual damages.

## IX.
### DAMAGES

9.1     The actions and conduct of the Defendants set forth above are the proximate cause of Plaintiff's Antonio Diaz's damages. Plaintiff's damages include, but are not limited to, mental anguish and reasonable medical charges made necessary by the occurrence in question.

## X.
### PRE AND POST-JUDGMENT INTEREST

10.1    Plaintiffs will additionally show that they are entitled to recover pre and post-judgment interest in accordance with law and equity as part of their damages herein, and Plaintiffs here an now sue for recovery of pre and post-judgment interest as provided by law and equity, under the applicable provision of the laws of the State of Texas.

## XI.
### RULE 194 REQUESTS FOR DISCLOSURE TO DEFENDANT,
### OCTAVIAN DOBOS

11.1    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is hereby requested to disclose, within fifty (50) days of service of this Petition and this request, the information or material described in Rule 194.2(a)-(k).

-5-

## XII.
## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, LANDSTAR INWAY, INC.

12.1    Take notice that pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, Plaintiff serves the attached Interrogatories, Exhibit "A", to be propounded to Defendant LANDSTAR.  You are hereby instructed to answer the following Interrogatories separately, fully, and in writing, and under oath as required by Rule 197.2(d) of the Texas Rules of Civil Procedure and the provisions of Rule 14 shall not apply.

12.2    You are further advised that, pursuant to Rule 193.5, the party responding to these Interrogatories is under a duty to supplement his if he obtains information upon the basis of which (a) he knows that the answer was incorrect when made, or (b) he knows the answer, though correct when made, is no longer true and the circumstances are such that his failure to amend the answer is in substance a knowing concealment.

12.3    If any space left for your answer is insufficient, please attach a separate sheet to complete such answer.  The answers shall be served upon the undersigned counsel within fifty (50) days after the service of these Interrogatories.

## XIII.
## PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT, LANDSTAR INWAY, INC.

13.1    Plaintiff propounds the attached Requests for Production as Exhibit "B" pursuant to Rule 196 of the Texas Rules of Civil Procedure, that Defendant produce or permit the undersigned attorney, to inspect and copy or reproduce the items hereinafter designated on Exhibit "B" attached hereto.  Within fifty (50) days after service of these Requests for Production, you must Lande a written response to the undersigned attorney at 1010 Lamar, Houston, Texas 77002, including the items requested or stating with respect to each request that an inspection and

copying or reproduction will be permitted as requested. In the event a request is objected to, please specifically state (a) the legal or factual basis for the objection, and (b) the extent to which you refuse to comply with the request.  Pursuant to Rule 193.2(b) of the Texas Rules of Civil Procedure, a party must comply with as much of the request to which the party has made no objection unless it is unreasonable under the circumstances to do so before obtaining a ruling on the objection.  Furthermore, demand is made for the supplementation of your answers to these discovery requests as required by Rule 193.5 of the Texas Rules of Civil Procedure.

## XIV.
### PLAINTIFF'S REQUESTS FOR ADMISSIONS TO DEFENDANT, LANDSTAR INWAY, INC.

14.1    Plaintiff propounds the attached Requests for Admissions as Exhibit "C" to Defendant Landstar Inway, Inc. admit the truth of the following facts within fifty (50) days of the date of service pursuant to  Rule 198 of the Texas Rules of Civil Procedure and other applicable law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer and that, upon final trial hereof, Plaintiff have judgment against Defendants, jointly and severally,  that they recover their damages in accordance with the evidence, that they recover costs of Court herein expended, that they recover interest, both pre- and post-judgment to which they are entitled under the law, and for such other and further relief, both general and special, legal and equitable, to which they may be justly entitled.

Respectfully submitted,

**FARRAR & BALL, L.L.P.**

_____
WESLEY TODD BALL
State Bar No. 24038754
KYLE W. FARRAR

State Bar No. 24034828
WILLIAM R. Ogden
State Bar No. 24073531
1001 Texas Avenue, Suite 220
Houston, Texas 77002
Telephone:    713.221.8300
Telecopier:    713.221.8301

**ATTORNEYS FOR PLAINTIFF**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing instrument has been served on counsel of  record in compliance with the Texas Rules of Civil Procedure on this 27th day of September,  2016, by facsimile. US Postal Mail, hand-delivery, and/or e-mail.

WILLIAM R. OGDEN

-8-

**EXHIBIT "A"**
**INTERROGATORIES**

1.  If Octavian Dobos  was disciplined, e.g., fired, suspended or reprimanded, because  of the incident, state what action was taken, and when.

    **ANSWER:**

2.  If Octavian Dobos has ever been involved in any other automobile collisions or accidents while employed by this Defendant, please identify each such incident by date, time, place and all parties involved, as well as the police department investigating each such incident and any and all disciplinary actions taken against Octavian Dobos as a result of each incident.

    **ANSWER:**

3.  Please describe in detail the employee training given to Octavian Dobos regarding the use of your vehicles.

    **ANSWER:**

4.  Do you contend there were any manufacturing, design, or other defects or malfunctions in the vehicle on the day of the subject incident which in any way affected its safety or performance or contributed to the subject incident?  If your answer is in any way in the affirmative, describe with specificity the nature of each such defect or malfunction you contend affected the safety or performance of the vehicle and how it may have affected the safety or performance or contributed to the subject incident.

    **ANSWER:**

5.  What monitoring or review of your employee drivers' driving habits is routinely conducted by you during the course of your employee drivers' employment.

    **ANSWER:**

6.  As to both the tractor and trailer or (truck and trailer(s) if your vehicle is not a tractor trailer) involved in the subject collision which your driver was operating, please state:

    1.  make, model number, and year;
    2.  engine manufacturer;
    3.  the trailer's length and width thereof at the longest and widest portions, respectively;
    4.  the truck's length and width thereof at the longest and widest portions, respectively;
    5.  the weight of the trailer empty, its carrying capacity, and the gross vehicular weight;

-9-

6.  the weight of the truck empty, its carrying capacity, and the gross vehicular weight and registered weight;
7.  the total gross weight of the tractor-trailer/truck at the time of the subject collision.

**ANSWER:**

7.  In reference to the load being transported at the time of the underlying accident, please identify:

1.  where the load originated;
2.  the contents and weight of the load;
3.  the final destination for the load;
4.  any contracts signed or entered into pertaining to the transportation of said load;
5.  the name, address, and phone number of the person or persons employed by the contractor and shipper who was in charge of the load at the place where said load originated; and
6.  the name, address and phone number of each broker in any way involved with the load.

**ANSWER:**

8.  Please state whether or not an investigation or report (accident report, incident report, etc.) was done by or on behalf of you, your representatives, employer, attorneys, or insurers, of or relating to the incident made the basis of this lawsuit.  If your response is in any way in the affirmative, as to each such investigation or report, please state the name, address, job title and description, and telephone number of the person(s) who participated in the investigation or report and who have received and/or currently have custody or control or any written report or other documentation of the investigation.

**ANSWER:**

9.  Please state whether your tractor-trailer/truck contained or utilized an on-board recording device, including engine computer (e.g., ECM), an on-board computer including engine computer (e.g., ECM), trip monitor, trip recorder, trip master, or device known by any other name which records information concerning the operation of the truck?  If so, please state the name and address of the person having custody of the graphs, printouts, raw data, and/or other documentary evidence produced or capable of being produced by said machine regarding any data for any and all parts of the trip which ultimately was involved in the subject collision which forms the basis of Plaintiff's complaint.

**ANSWER:**

10. State your policy and procedure with respect to having your drivers report their accidents and explain what they are supposed to do following an accident with respect to aiding

-10-

persons who have been injured, protecting your equipment, making statements to the police, making statements to other persons involved in the accident, making statements to bystanders and all other actions required following the accident.

**ANSWER:**

11. Please state the name, address, telephone number, employer, and job title of any and all investigators, mechanics, adjusters, claims representatives, or experts who have investigated this collision, examined any of the vehicles involved in the subject collision, or who have in any way investigated the claims in this lawsuit on behalf of Defendant Landstar Inway, Inc., its attorneys, or its insurers.  As part of your response, please describe any and all repairs that have been made and by whom to the vehicle involved in the subject incident since the date of the subject incident.

**ANSWER:**

12. Please explain the nature of the employment relationship between you and the Defendant, Octavian Dobos, the driver of the vehicle involved in this collision, specifically stating the following:  the nature of employment; the date the employment relationship began; whether Defendant Michael Reeves was a paid employee of you at the time of the subject collision; the rate of pay at the time of the collision and at present; if the employment relationship has been terminated; the date of such termination; the name, address, telephone number, and job title of the person who terminated such driver; and the reason(s) for such termination.
**ANSWER:**

13. State each and every regulation set forth in the Federal Motor Carrier Regulations that was violated by you and/or your driver from the last stop made by the commercial motor vehicle before the accident until the commercial motor vehicle was removed from the scene of the accident.  If none of the regulations were violated, then answer this Interrogatory by answering "none".

**ANSWER:**

14. Please identify with specificity all documents you have filed with any state and/or federal governmental agency regarding the underlying accident.

**ANSWER:**

## EXHIBIT "B"
## REQUESTS FOR PRODUCTION

Please produce **true**, **accurate**, and **complete** copies of the following documents and things:

1. Please produce true, accurate and complete copies of any and all documents relating to any contention you have that Plaintiff Antonio Diaz was guilty of any act(s) or failure(s) to act that played any part in causing the subject incident or the injuries or damages complained of in this matter.

   **RESPONSE:**

2. Please produce true, accurate and complete copies of any and all documents relating to any contention you have that you or any other person was guilty of any act(s) or failure(s) to act that played any part in causing the subject incident or the injuries or damages complained of in this matter.

   **RESPONSE:**

3. Please produce true, accurate and complete copies of any and all photographs, diagrams, videotapes, maps, plats, charts, or other graphic, pictorial, or demonstrative evidence relating to the scene of the incident, the vehicles involved in the subject incident, Antonio Diaz, or any other issue in this case.

   **RESPONSE:**

4. Please produce true, accurate and complete copies of any and all memoranda, incident reports, or other documents relating to the subject incident or any claim or potential claim arising from the subject incident prepared by you or on your behalf.

   **RESPONSE:**

5. Produce all documents relating to a preventability determination you performed on the subject incident.

   **RESPONSE:**

6. Please produce true, accurate and complete copies of any and all documents filed as a part of a claim with any insurer or provided to any insurer or received from any insurer (for any reason) that relates to the incident made the basis of this case.

   **RESPONSE:**

7. Please produce true, accurate and complete copies of any and all repair or maintenance records for the vehicle driven at the time of the subject incident and include such records for the time period one year prior to the subject incident up through and including the

present date.

**RESPONSE:**

8. Please produce a copy of all logs or other driving records of Defendant Octavian Dobos for the fourteen (14) days prior to the January 20, 2015 subject incident, the date of said incident, and the seven (7) days subsequent to said incident.

**RESPONSE:**

9. Please produce copies of any and all trip sheets, bills of lading, shipping documents, hotel receipts, restaurant receipts, or any and all other documents of any kinds or by any other name which reflect information concerning the trip being made by Defendant at the time the subject incident occurred to include documents relevant to said trip from the time the trip originated until the time the trip was to end.

**RESPONSE:**

10. Please produce a copy of the driving history and all driving records of Defendant Octavian Dobos, along with a copy of the motor vehicle report, or a report by any other name reflecting the driving history of said driver in your possession.

**RESPONSE:**

11. Please produce a copy of any and all instructions manuals, employee rules, regulations, or any driver/employee handbook provided to Defendant Octavian Dobos or any handbook in force and effect for drivers of Defendant at the time of the subject incident.

**RESPONSE:**

12. Please produce copies of any policies relating to the supervision or hiring of employees that were in effect at the time of Defendant Octavian Dobos' employment including the date of the subject incident.

**RESPONSE:**

13. Please produce a complete copy of the driver qualification file and your personnel file maintained concerning Defendant Octavian Dobos.

**RESPONSE:**

14. Please produce a copy of any documentation of any kind received by Defendant Landstar Inway, Inc. from any person, corporation or insurer relative to the performance and/or qualifications of Defendant Octavian Dobos as a driver to include criticisms, reprimands, infractions, discharges, firings or other commentary (that reflects positively or negatively on his driving) concerning his work or background as a driver from the time he began

-13-

driving up through and including the date of the subject incident and any information received concerning the subject incident subsequent to the  date of the subject incident. This request includes any motor vehicle reports or reports of any kind received from any private corporation or individual, or other business entity, or any governmental entity relative to the driving history, driving record and driving infractions of Defendant Octavian Dobos.

**RESPONSE:**

15. Please produce copies of any and all medical reports, medical tests, alcohol or drug screens or tests of any other kind by any other name performed upon Defendant Octavian Dobos.

**RESPONSE:**

16. Please produce any and all inspection reports for the vehicle involved in the subject incident for the 60 days prior to the incident up through and including the date of the incident.

**RESPONSE:**

17. Please produce any and all annual inspection reports for the vehicle involved in the subject incident for the preceding five years.

**RESPONSE:**

18. Please produce the accident register with respect to Defendant Octavian Dobos.

**RESPONSE:**

19. Produce copies of all cargo pickup or delivery documents prepared by Defendant transportation brokers, involved shippers or receivers, motor carriers operations/dispatch personnel, drivers, or other persons or organizations relative to the cargo transported and the operations of Octavian Dobos for the trip during which the underlying accident occurred and all trips made by Octavian Dobos during the 72 hours before the underlying accident occurred.

**RESPONSE:**

20. Produce copies of all pre-employment questionnaires, resumes and other documents secured from Octavian Dobos prior to his employment with Defendant.

**RESPONSE:**

21. Produce copies of all applications for employment secure both before and/or after the actual date of contract or employment of Octavian Dobos.

**RESPONSE:**

22. Produce copies of all medical examinations, drug tests, and certification of medical examinations inclusive of expired and non-expired documents conducted on Octavian Dobos.

**RESPONSE:**

23. Produce copies of all driver's road tests administered to Octavian Dobos.

**RESPONSE:**

24. Produce copies of all driver's written tests administered to Octavian Dobos.

**RESPONSE:**

25. Produce all training notes, certificates and attendance lists relative to Octavian Dobos, regardless of the date issued or the originator of such certificates.

**RESPONSE:**

26. Produce copies of all past employment inquiries sent to and/or secured from former employers along with all responses received from former employers inclusive of all U.S. mail, personal contact or telephone inquiries and results directed to or received by Defendant from past employers of Octavian Dobos.

**RESPONSE:**

27. Produce copies of all inquiries to and answers received from any organization in reference to the driver's license record of traffic violations and accidents received by the Defendant, or other organizations on behalf of Defendant, from state or federal governmental agencies relative to Octavian Dobos.

**RESPONSE:**

28. Produce copies of all hiring, suspension, termination, warning notices, complaints, letters, memorandums and any other similar type documents, however, named, relating to Octavian Dobos.

**RESPONSE:**

29. Produce the results of all criminal background checks Defendant performed on Octavian Dobos.

**RESPONSE:**

30. Produce true and correct copies of any and all tickets or citations received by Defendant or Octavian Dobos as a result of this incident.

    **RESPONSE:**

31. Produce all policies and procedures in place for investigations of accidents involving your vehicles.

    **RESPONSE:**

32. Produce all documents evidencing, regarding and/or concerning Defendant's policy and procedure concerning what drivers are instructed or expected to do after an accident with regard to aiding persons who have been injured, protecting Defendant's equipment, making statements to the police, making statements to others involved in the accident, making statements to bystanders, and all other actions and omissions required.

    **RESPONSE:**

33. Produce copies of all prior industrial, vehicular, cargo, hazardous materials incidents, health or accident reports, or other types of injury, sickness, accidents, or loss reports or records inclusive of cargo shortage or damage reports, along with all related documents to each such incident that relate to Octavian Dobos.

    **RESPONSE:**

34. Produce copies of all law enforcement agencies audits and/or roadside equipment and/or driver inspection reports, traffic citations or traffic warnings, inclusive of the Defendant's file reviews or summaries of violations of company, state, or federal laws, rules or regulations committed by Octavian Dobos.

    **RESPONSE:**

35. Produce copies of all road and/or written test cards, medical cards, certification of driver qualification cards and any other motor carrier transportation related cards in the possession of the Defendant issued to Octavian Dobos. This specifically includes cards, as previously described herein, issued by other motor carriers to Octavian Dobos in Defendant's possession.

    **RESPONSE:**

36. Produce copies of all annual reviews, file reviews, and/or file summaries and related documents found in Michael Reeves' file.

    **RESPONSE:**

**EXHIBIT "C"**
**REQUESTS FOR ADMISSIONS**

1.  Please admit that Landstar Inway, Inc. is the real party in interest to defend this action.

    **RESPONSE:**

2.  Please admit that, at the time of the January 20, 2015 collision that forms the basis for Plaintiff's Complaint, Defendant Octavian Dobos was an employee and/or agent of Defendant Landstar Inway, Inc.

    **RESPONSE:**

3.  Admit that, at the time of the January 20, 2015 collision that forms a basis for Plaintiff's Complaint, Defendant Octavian Dobos was acting within the scope of his employment of Defendant Landstar Inway, Inc.

    **RESPONSE:**

4.  Please admit that Defendant Landstar Inway, Inc. is vicariously liable under the doctrine of respondeat superior for any negligent acts and omissions of Defendant Octavian Dobos that forms a basis for Plaintiff's Complaint.

    **RESPONSE:**

5.  Please admit that the negligence of Defendant Octavian Dobos proximately caused the January 20, 2015 collision that foms the basis of Plaintiff's Complaint.

    **RESPONSE:**

6.  Please admit that no person or entity, other than the parties to this action, are responsible for Plaintiff's damages.

    **RESPONSE:**

7.  Admit you conduct an internal investigation on every VEHICLE INCIDENT.

    **RESPONSE:**

8.  Admit you conduct an internal investigation on every VEHICLE INCIDENT resulting in any property damage or personal injury.

    **RESPONSE:**

9.  Admit you make a determination as to whether every VEHICLE INCIDENT is preventable or not preventable.

**RESPONSE:**